PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK A. JACKSON, | ) |
| | ) CASE NO. 5:16CV2170 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| PORTAGE COUNTY SHERIFF'S OFFICE | ) |
| CORRECTIONS DIVISION, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |

*Pro Se* Plaintiff Mark A. Jackson filed this action under 42 U.S.C. § 1983 against the Portage County Sheriff's Office Corrections Division, Correct Care Solutions, Nurse "Med 5," Dr. Welch, and Kevin Coleman Center. In the Complaint (ECF No. 1), Plaintiff contends that the medical staff at the Portage County Jail mishandled his medication and gave it to him in pill form, which he had difficulty swallowing. He seeks injunctive relief.

**I. Background**

Plaintiff came to the Portage County, Ohio Jail on June 26, 2016 as a pretrial detainee. *See State v. Jackson*, 2015CR00447C (Portage Cty. Common Pleas filed Jan. 25, 2015). He states that he suffers from a mental illness for which doctors have prescribed Lithium and another medication.[1] Plaintiff claims the medical staff at the jail lost medications, ran out of medications, gave higher dosages than prescribed, and provided the medication in different forms each time.

---

[1] Plaintiff contends he was prescribed "Boose Bar." It is possible he is referring to BuSpar, which is a common anti-anxiety medication.

(5:16CV2170)

He also claims he had a difficult time swallowing the pills and the nurses discouraged him from chewing the medication. According to Plaintiff, Nurse "Med 5" told him the medication would be toxic if he chewed it. He contends she refused to give him medication on August 15, 2016, although he claims she denies the allegation. Plaintiff filed a grievance against the medical staff, but the jail correctional staff told him medical personnel are contract workers from outside of the jail. He believes Correct Care Solutions provides the nursing staff to the jail, but he was also told by one of the nurses that Kevin Coleman Center[2] hired the nurses. Plaintiff indicates he spoke with Kevin Coleman Center about the nurses and was told they had no control over the nurses at the jail. He claims a Kevin Coleman Center physician, Dr. Welch, refused to see him.

One month after filing this action, Plaintiff filed a Notice of Change of Address (ECF No. 5), indicating he had been returned to the Webster County Jail in Dixon, Kentucky.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law

---

[2] Coleman Professional Services is a not-for-profit provider of behavioral health and rehabilitation programs in an eight-county region of northern Ohio, which includes Portage County. Dr. Welch is apparently one of their physicians. *See* http://www.colemanservices.org

2

(5:16CV2170)

when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific

3

(5:16CV2170)

task that requires the reviewing court to draw on its judicial experience and common sense." *Id. at 679*.

### III.  Law and Analysis

As an initial matter, a prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose.  *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).  Plaintiff seeks only injunctive relief in the case at bar.  His claim, therefore, is moot.

Even if Plaintiff had requested an award of monetary damages, he fails to state a claim upon which relief may be granted.  Plaintiff did not identify any particular cause of action in the Complaint (ECF No. 1).  The only plausible federal cause of action the Court can discern from the alleged facts would be one for deliberate indifference to serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment also operates to guarantee those same protections to pretrial detainees.  *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).  These claims are analyzed under the same rubric as

(5:16CV2170)

Eighth Amendment claims brought by prisoners. See Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985) (citing Bell v. Wolfish, 441 U.S. 520, 545 (1979)).

The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. at 9. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. Whitley v. Albers, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an

5

(5:16CV2170)

Eighth Amendment claim.'" *Sarah v. Thompson*, 109 Fed.Appx. 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Furthermore, deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837).

In this case, Plaintiff alleges the nurses and the medical staff at the jail lost medications, ran out of medications, gave incorrect doses, and provided the medication in different forms each time. He provides no additional facts to suggest that the medical personnel in question knew of and deliberately disregarded an excessive risk to Plaintiff's health or safety, rather than being simply negligent in their handling of his medications. Negligent conduct will not support an Eighth Amendment claim. *Farmer*, 511 U.S. at 835.

In addition, Plaintiff brings this claim against the Portage County Sheriff's Office Corrections Division, Correct Care Solutions, and Kevin Coleman Center based on the allegation that they entered into a contract to provide medical personnel to the jail. For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom of the supervisor or employer, or the supervisor or employer must encourage the specific misconduct or in some

6

(5:16CV2170)

way directly participate in it. See *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978); *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The Complaint (ECF No. 1) contains no suggestion of a custom or policy of the Portage County Sheriff's Office Corrections Division, Correct Care Solutions or Kevin Coleman Center which may have resulted in the deprivation of a federally protected right of Plaintiff.

Finally, Plaintiff contends Dr. Welch refused to see him. There is no indication in the Complaint (ECF No. 1) that Dr. Welch was under contract with the jail to provide medical care to the detainees. Dr. Welch is alleged to be a physician with Kevin Coleman Center. Plaintiff, however, alleges very few facts concerning this defendant. The facts he does allege are not sufficient to suggest Dr. Welch was personally aware of an excessive risk to Plaintiff's health, and deliberately disregarded it.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 November 29, 2016  　　　　　　　　　 */s/ Benita Y. Pearson*
Date　　　　　　　　　　　　　　　　　Benita Y. Pearson
　　　　　　　　　　　　　　　　　　　United States District Judge